989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton L. SKEETER, Defendant-Appellant.
 No. 92-5205.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter E. Hoffman, Senior District Judge. (CR-89-67-N)
 Thomas B. Shuttleworth, II, SHUTTLEWORTH, RULOFF, GIORDANO & KAHLE, P.C., Virginia Beach, Virginia, for Appellant.
 Paul George Cassell, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Lisa P. O'Donnell, SHUTTLEWORTH, RULOFF, GIORDANO & KAHLE, P.C., Virginia Beach, Virginia, for Appellant.
 Richard Cullen, United States Attorney, James A. Metcalfe, Assistant United States Attorney, Norfolk, Virginia; C. Patrick Hogeboom, III, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 In the first appeal in this matter, Appellant Alton L. Skeeter maintained that during jury selection the Government exercised its peremptory challenges in a racially discriminatory manner in violation of his right to equal protection under Batson v. Kentucky, 476 U.S. 79 (1986). United States v. Joe, 928 F.2d 99, 101 (4th Cir.), cert. denied, 112 S. Ct. 71 (1991). Finding that the district court had failed to make factual determinations necessary to permit this court to review the Batson issue, we remanded for further proceedings. Id. at 103-04. On remand the district court determined that Skeeter had not succeeded in demonstrating that the Government acted with a discriminatory purpose in striking black jurors. United States v. Joe, 787 F. Supp. 548 (E.D. Va. 1992). Because we conclude that the findings of the district court are not clearly erroneous, we affirm.
 
 I.
 
 2
 Following our remand for further proceedings,* the district court received briefs and conducted a hearing during which it examined the prosecuting attorney who had exercised the peremptory challenges on behalf of the Government. Relying on Hernandez v. New York, 111 S. Ct. 1859, 1866 (1991), the district court first concluded that the question of whether the defendants had established a prima facie case under Batson was moot in view of the fact that the Government had already provided its reasons for exercising its strikes. See Joe, 787 F. Supp. at 551. The court then proceeded to analyze, by juror, each peremptory strike made by the Government, the proffered reasons for the strike, and whether the proffered reasons were facially neutral and credible. Id. at 551-56. In each instance the court concluded that the proffered reasons were racially neutral and credible. Id. at 552-56. The court next addressed whether Skeeter had demonstrated that the proffered reasons were pretextual; and again in each instance, the court found that Skeeter had failed to carry this burden. Id. Concluding that no Batson violation had occurred, the district court refused to grant Skeeter a new trial. Id. at 556. Skeeter has once again appealed to this court.
 
 II.
 
 3
 The ultimate issue a defendant must prove in order to successfully assert a Batson violation is the existence of "purposeful discrimination." Hernandez, 111 S. Ct. at 1866. A finding of discriminatory intent, or the lack of it, is a factual one, and a finding by the district court that the Government did not intend to discriminate should be accepted unless clearly erroneous. Id. at 1869. "[E]valuation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judges's province,' " and consequently should be accorded great deference. Id. ( quoting Wainwright v. Witt, 469 U.S. 412, 428 (1985)).
 
 
 4
 In a very thorough opinion, the district court concluded that the explanations offered by the Government for exercising its peremptory strikes were credible, that each of the explanations was facially neutral, and that the Batson issue lacked merit. Based on our review of the record and the arguments advanced by counsel, we cannot conclude that the factual findings of the district court are clearly erroneous. Consequently, we affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 *
 A discussion of how the Batson issue was handled during trial and the reasons for our remand are set forth in the prior opinion. See Joe, 928 F.2d at 101-04